David C. Parisi (SB #162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SB #188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Ste. 100
Santa Monica, CA 90405
Tel: (818) 990-1299

*ATTORNEYS FOR PLAINTIFF*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| JACOB MEIER, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CAVALIERS OPERATING COMPANY, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1) Violation of 47 U.S.C. § 227<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

Plaintiff, Jacob Meier, brings this Class Action Complaint against Defendant, Cavaliers Operating Company, LLC (d/b/a the "Cleveland Cavaliers"), to stop Defendant from sending unauthorized text message calls to individuals' cellphones and to obtain redress for all persons injured by such conduct. Plaintiff alleges as follows based on personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

### NATURE OF THE CASE

1.     In an effort to promote its professional basketball team, the Cleveland Cavaliers, Defendant has engaged in an invasive and unlawful form of marketing: the

transmission of unauthorized promotional material through "text message" calls sent to the cellular telephones of consumers throughout the country.

2.     By effectuating these unauthorized text message calls (hereinafter, "wireless spam" or "SMS Messages"), Defendant has violated consumers' statutory and privacy rights and caused them actual harm, not only because they were subjected to the aggravation and invasion of privacy that necessarily accompanies wireless spam, but also because they frequently have to pay their cellphone service providers for the receipt of such wireless spam.

3.     To redress these injuries, Plaintiff, on behalf of himself and a class of similarly situated individuals, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), which prohibits unsolicited automated text message calls to cellular phones.

4.     On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease sending all automated text messages via SMS shortcodes or longcodes and an award of actual or statutory damages to the members of the class, whichever is greater, together with costs and reasonable attorneys' fees and pre-judgment interest from the date of filing this suit.

**JURISDICTION AND VENUE**

5.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

6.     This Court has personal jurisdiction over Defendant, because Defendant does business in this District and because certain acts giving rise to the claims alleged herein were committed in this District.

7.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, as Defendant conducts business in this District, and because a substantial part of the events concerning the claims at issue occurred in this District, as the text messages were transmitted from within this District.

**INTRADISTRICT ASSIGNMENT**

8.    Under Local Rule 3-2(c), this case should be assigned to the San Jose Division of the Northern District of California.

**PARTIES**

9.    Plaintiff Jacob Meier is a resident and citizen of the State of California.

10.    Defendant Cavaliers Operating Company, LLC is a Delaware limited liability company with its principal place of business in Cleveland, Ohio.  Defendant is the owner and operator of the Cleveland Cavaliers, a professional basketball team.  Defendant promotes the Cleveland Cavaliers and related merchandise to thousands of consumers, including consumers in this District, through television advertisements, its website, and text message marketing, and it sells tickets to consumers for live basketball games, including games played in this District.

**COMMON ALLEGATIONS OF FACT**

11.    One of the newer types of marketing involves sending advertisements through Short Message Services.  The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellphones to send and receive short text messages, usually limited to 160 characters.

12.    An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device.  When an SMS message call is successfully made, the recipient's cellphone rings, alerting him or her that a call is being received.

13.    Unlike more conventional advertisements, SMS calls, and particularly wireless spam, invade consumers' privacy and can actually cost their recipients money, because cellphone users like Plaintiff have to pay their respective wireless service providers for each text message call they receive, incur a usage allocation deduction from the total number of text messages allowed under their cellphone plan, or pay a fixed or variable usage fee, regardless of whether or not the message is authorized.

14.     Certain marketers use SMS calling technology to create "mobile alerts," or recurring programs in which text messages are automatically sent *en masse* to persons within a database.  The content and parameters of such programs are set by the content providers themselves and frequently appear in the initial text message sent.  Recurring mobile alerts are subject to the TCPA and FCC regulations to the same extent as other automated calls or text messages sent to cellular telephones.

15.     Beginning at least as early as 2014 and continuing to the present, Defendant undertook a misguided effort to promote its professional basketball organization by causing the mass transmission of promotional spam text messages in the form of mobile alerts to the cellphones of individuals whom Defendant hoped were potential viewers of Cleveland Cavaliers games.

16.     For instance, on or about March 12, 2015, Plaintiff enrolled in Defendant's mobile alert program by sending a text message containing the phrase "CAVS" to the shortcode "720720."

17.     Shortly after sending the text message as described in Paragraph 15 above, Plaintiff's cellphone rang, indicating that a text message call was being received.  Plaintiff received two automated confirmatory text messages from Defendant.  The body of such text messages read as follows:

> Cleveland Cavs Fan Alerts: Consent to rcv txt msg is not condition of purchasing good/services. STOP to cancel.
>
> Cleveland Cavs Fan Alerts: For News & Alerts, 60msg/mo. Msg&DataRatesMayApply. Reply HELP for help, STOP to cancel.

18.     In the text message transmission that Plaintiff received, the "from" field was identified as "720720," which is an abbreviated telephone number, known as an SMS shortcode, operated by Defendant's agents.  The use of an SMS shortcode by Defendant's agents enabled Defendant's mass transmission of wireless spam to lists of cellular telephone numbers.

19.    After receiving nearly four dozen text messages promoting the Cleveland Cavaliers in less than five weeks, Plaintiff decided to opt-out and revoke his consent to receive any more automated text message notifications from Defendant.

20.    Each text message advertisement that Defendant sent stated "STOP to end" at the end of the message.  Based on this representation, on April 15, 2015, Plaintiff texted "Stop" to the shortcode "720720" in accordance with Defendant's instructions.

21.    Despite following Defendant's instructions to stop receiving any further automated text messages, Plaintiff continued to receive promotional messages.  Indeed, Defendant sent at least twelve (12) automated text alerts to Plaintiff's cellular telephone after he had texted "Stop."

22.    Each of the unauthorized text messages that Plaintiff received was sent automatically and instantaneously without human intervention by Defendant and through the use of an automatic telephone dialing system from the shortcode "720720," and each text message contained a generic non-personalized message promoting the Cleveland Cavaliers.

23.    For example, on April 19, 2015, Plaintiff received the following text message from Defendant after he had already specifically requested that Defendant stop sending any further text messages:

> CAVS PLAYOFFS: Game 1 vs Celtics today @ The Q. CAVS LIVE on FSOhio @ 2pm, tip @ 3pm on ABC. RADIO: WTAM 1100, 88.7 La Mega. Msg&DataRatesMayApply. STOP to end

Similarly, on April 23, 2015, Plaintiff received the following text message from Defendant:

> CAVS seek 3-0 series lead in Boston tonight, 7:00pm ET. FSOhio Pregame @ 6:30pm.  TV: FSO,TNT;  RADIO:  WTAM  1100/88.7  LaMega. Msg&DataRatesMayApply. STOP to end

24.    Any messages that Defendant sent after Plaintiff's stop request were unauthorized and sent without Plaintiff's consent in violation of the TCPA.

### CLASS ACTION ALLEGATIONS

25.    Plaintiff brings this action on behalf of himself and a nationwide class (the "Class") defined as follows:

All persons in the United States and its Territories who, within four years prior to the commencement of this litigation, were sent one or more text messages by or on behalf of Defendant to their cellular telephone after they had texted "stop" to Defendant, wherein said text messages were sent using an automatic telephone dialing system.

26.     Upon information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

27.     Common questions of law and fact exist as to all members of the Class, and such questions predominate over questions affecting Plaintiff or individual members of the Class.  Common questions for the Class include, but are not limited, to the following:

    a.     Did Defendant and/or its agents send one or more promotional text messages to members of the Class?

    b.     Did Defendant and/or its agents use an automatic telephone dialing system to transmit the text message at issue?

    c.     Did Defendant and/or its agents transmit promotional text messages to persons who did not provide Defendant with express consent to receive such messages?

    d.     Did Defendant and/or its agents transmit one or more text messages after receiving a stop request to members of the Class?

    e.     Did the wireless spam distributed by Defendant violate the TCPA?

    f.     Are the members of the Class entitled to treble damages based on the willfulness of Defendant's conduct?

    g.     Should Defendant be enjoined from engaging in such conduct in the future?

28.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and Plaintiff and his counsel are committed

1   to vigorously prosecuting this action on behalf of the members of the Class and have the

2   financial resources to do so.  Neither Plaintiff nor his counsel has any interest adverse to

3   those of the other members of the Class.

4         29.    Defendant has acted or failed to act on grounds generally applicable to the

5   Plaintiff and the other members of the Class in distributing the wireless spam at issue,

6   requiring the Court's imposition of uniform relief to ensure compatible standards of conduct

7   toward the members of the Class and making injunctive or corresponding declaratory relief

8   appropriate for the Class as a whole.

9         30.    The factual and legal bases of Defendant's liability to Plaintiff and to the other

10   members of the Class are the same, resulting in injury to the Plaintiff and to all of the other

11   members of the Class as a result of Defendant's unlawful distribution of the wireless spam

12   alleged herein.

13         31.    Absent a class action, most members of the Class would find the cost of

14   litigating their claims to be prohibitive and would have no effective remedy.  The class

15   treatment of common questions of law and fact is also superior to multiple individual actions

16   or piecemeal litigation, in that it conserves the resources of the courts and the litigants and

17   promotes consistency and efficiency of adjudication.

18
19

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227, et seq.) on behalf of the Class**

20         32.    Plaintiff incorporates by reference all of the foregoing allegations as if fully

21   set forth herein.

22         33.    Defendant directed the placement of unauthorized commercial text message

23   calls to a list of wireless telephone numbers of Plaintiff and the other members of the Class

24   using equipment that had the capacity at the time the calls were placed to store or produce

25   telephone numbers to be called using a random or sequential number generator and to

26   automatically dial such numbers without human intervention.

27
28

34.    These generic text message calls were made *en masse* through the use of a shortcode without the express consent of Plaintiff and the Class.

35.    Defendant has, therefore, violated section 227(b)(1)(A)(iii) of the TCPA.

36.    As a result of Defendant's illegal conduct, Plaintiff and the Class members have had their privacy rights violated, have suffered actual and statutory damages, and under Section 227(b)(3)(B) are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

37.    To the extent Defendant knew or should have known that the members of the Class did not expressly consent to be sent the wireless spam at issue, the Court should, pursuant to Section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class.

## PRAYER FOR RELIEF

WHEREFORE**,** Plaintiff, individually and on behalf of the Class, respectfully prays for the following relief:

A.    An order certifying the Class as defined above;

B.    An award of the greater of actual or statutory damages;

C.    An injunction requiring Defendant to cease sending all automated text messages via SMS shortcodes or longcodes;

D.    Pre-judgment interest from the date of filing this suit;

E.    An award of reasonable attorneys' fees and costs; and

F.    Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated:  February 10, 2016

Respectfully submitted,

JACOB MEIER, individually and on behalf of a class of similarly situated individuals

By: /s/ Suzanne Havens Beckman
One of his attorneys

David C. Parisi (SB #162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Ste. 100
Santa Monica, CA 90405
Tel: (818) 990-1299

*Attorneys for Plaintiff and the Putative Class*